UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| MICHELLE LEWIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-11-16 |
| | § | |
| MERCEDES-BENZ USA, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Plaintiff Michelle Lewis' ("Plaintiff") Motion to Remand to State Court (Dkt. No.7), to which Defendant Mercedes-Benz USA, LLC ("Defendant") has responded (Dkt. No. 8) and Plaintiff has replied (Dkt. No. 9). Having considered the motion, response, record, and applicable law, the Court is of the opinion that Plaintiff's motion should be **GRANTED**.

### I. Factual and Procedural Background

Plaintiff commenced this action on February 28, 2011 in the 377th District Court of Victoria County, Texas, alleging claims under the federal Magnuson-Moss Warranty Act (MMWA), 15 U.S.C. § 2301 *et. seq*, relating to an allegedly defective 2009 Mercedes-Benz C300W manufactured by Defendant. On March 27, 2011, Defendant removed the case to this Court pursuant 28 U.S.C. §§ 1441 and 1446 and the MMWA's jurisdictional provision, 15 U.S.C. § 2310(d). Plaintiff now moves to remand to state court.

### II. Legal Standard

"Federal courts are courts of limited jurisdiction 'having only the authority endowed by the Constitution and that conferred by Congress.'" *U.S. v. Hazlewood*, 526 F.3d 862, 864 (5th

1

Cir. 2008) (quoting *Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1102 (5th Cir. 1981)). The MMWA grants federal courts authority to hear state breach of warranty actions, with one limitation:

> No claim shall be cognizable in a suit brought [in federal court] . . . (B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interest[] and costs) computed on the basis of all claims to be determined in this suit.

15 U.S.C. § 2310(d)(3). Thus, although it is a federal statute, federal jurisdiction under the MMWA is limited to those cases in which the amount in controversy is at least $50,000.

Generally, the removing party has the burden of proving that federal jurisdiction exists. *Grant v. Chevron Phillips Chem. Co. L .P.*, 309 F.3d 864, 868 (5th Cir. 2002). In instances where a case has been removed and the plaintiff has failed to specify the amount in controversy, the Fifth Circuit has held that a removing party may establish jurisdiction by a preponderance of the evidence in either of two ways: (1) by demonstrating that it is "facially apparent" from the petition that the claim likely exceeds the jurisdictional requirement; or (2) by setting forth facts that support the requisite finding. *Allen v. R.H. Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). A district court must first examine the complaint to determine whether it is "facially apparent" that the claims meet the jurisdictional amount. *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003). If it is not facially apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy. *Id.* The Fifth Circuit has held that "once a defendant is able to show that the amount in controversy exceeds the jurisdictional amount, removal is proper, provided plaintiff has not shown that it is legally certain that his recovery will not exceed the amount stated in the state complaint." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

## III. Analysis

Defendant argues that it is "facially apparent" Plaintiff pled an amount in controversy greater than $50,000 because Plaintiff's Original Petition in Texas state court pled Level 2 rather than Level 1 discovery. "[This] . . . contention[] is based on Texas procedural rules requiring that every case be governed by one of three discovery control plans . . . ." *Gulf Coast Environmental Systems, LLC v. TKS Control Systems, Inc.*, 2008 WL 2704766, *3 (S.D. Tex. July 7, 2008) (citing TEX. R. CIV. P. 190.1, 190.2, 190.3 & 190.4). Another court in the Southern District of Texas previously considered and rejected the same argument, explaining:

> If a plaintiff "affirmatively plead[s]" that its aggregate damages do not exceed $50,000, discovery under Level 1 applies. *Id.* 190.2(a). But, as the comment to the rule explains, "[i]f a plaintiff does not or cannot plead the case in compliance with Rule 190.2(a) so as to invoke the application of Level 1, the case is *automatically* in Level 2." *Id.* 190 cmt. 1 (emphasis in *Gulf Coast*). Thus, Level 2 discovery serves as the default plan when no affirmative allegation of damages equal to or less than $50,000 is made. Plaintiff's election *not* to include such an affirmative allegation, thereby triggering the default classification of its case as Level 2, does not necessarily imply that its damages are actually equal to or greater than $50,000, as Defendant presumes.

*Gulf Coast Environmental Systems*, 2008 WL 2704766 at *3 (Werlein, J.). *See also Horton v. Bank One, N.A.*, 2003 WL 25737885, *2 (W.D. Tex. May 6, 2003) ("Even assuming the discovery level pleaded by plaintiffs in accordance with the Texas Rules of Civil Procedure is relevant to calculating the amount in controversy for federal jurisdictional purposes," discovery level alone is insufficient to constitute unequivocal evidence that the amount in controversy exceeds the jurisdictional amount.). Here, as in *Gulf Coast* and *Horton*, the Court finds that Plaintiff's election of a Level 2 discovery control plan is insufficient to establish that the amount in controversy is at least $50,000.

Upon complete review of Plaintiff's Original Petition, including the Purchase Order for the 2009 Mercedes-Benz C300W in question, the Court further finds that it is not otherwise "facially apparent" that the amount in controversy is likely equal to or greater than $50,000. Plaintiff's prayer for relief seeks "[a]n amount equal to Plaintiff's actual damages up to and including the 'full purchase price' of the vehicle, including collateral charges, finance charges, [and] incidental and consequential damages . . . ." (Pl. Original Pet. at 6 § VII.) As stated in the complaint, "The price of the C300W, excluding certain collateral charges, such as registration charges, document fees, and sales tax, [and] excluding finance charges, totaled more than $34,350." (*Id.* ¶ 8.) Assuming Plaintiff were able to recover the base purchase price of the vehicle as well as all finance charges and collateral charges listed in the Purchase Order (PL preferred package, polyshield, theft avert, sales tax, road/bridge fee, license/transfer fee, state inspection/title fee, documentary fee, and dealer inventory tax), Plaintiff's recovery, excluding interest and attorneys' fees, would amount to $39,705.51. (*See* Purchase Order, *Id.*, Ex. 1.) Thus, in order to show that Plaintiff's claim likely meets or exceeds $50,000, Defendant must set forth facts showing that any "incidental and consequential damages" sought by Plaintiff would likely amount to at least $10,294.49.

Defendant has failed to set forth any facts to support such a finding beyond its own conclusory (and somewhat misleading) assertion that "the full purchase price of the vehicle [was] over $40,000 according to the Buyer's Order attached to Plaintiff's petition" and additional damages for "collateral charges; [] finance charges; [] incidental damages; and [] consequential damages . . . are likely to amount to more than $10,000." (Dkt. No. 8 at 3.) In reaching this conclusion, it appears Defendant double counted certain sums as being both part of the purchase price as well as being separate and "additional" collateral charges and finance charges.

4

Defendant also improperly included the $1900 balance Plaintiff still owed toward her Volkswagen trade-in in determining the purchase price and included the $2995 Plaintiff spent on a service contract for the vehicle, for which Plaintiff has since indicated that she does not seek restitution. The Court will defer to its own calculations above.

In sum, Defendant has failed to establish by a preponderance of the evidence that it is "facially apparent" Plaintiff's claim likely amounts to at least $50,000, and has also failed to set forth facts that support such a finding. *See Allen*, 63 F.3d at 1335. Accordingly, the Court does not have jurisdiction over Plaintiff's claims under the MMWA, and the Court must grant Plaintiff's motion and remand this case to state court for further proceedings.

## IV. Conclusion

For the foregoing reasons, Plaintiffs' Motion to Remand to State Court (Dkt. No. 7) is **GRANTED**.

It is so **ORDERED**.

**SIGNED** this 14th day of June, 2011.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE